NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ROYRITA K. YARBOUGH,**
*Claimant-Appellant,*

**v.**

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2013-7064

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-1632, Chief Judge Bruce E. Kasold.

---

**ON MOTION**

---

Before DYK, PROST and O'MALLEY, *Circuit Judges.*

PER CURIAM.

### O R D E R

The Secretary of Veterans Affairs moves to dismiss this appeal. Royrita K. Yarbough opposes the motion.

On October 17, 2012, the United States Court of Appeals for Veterans Claims (Veterans Court) issued a decision holding that the Board of Veterans' Appeals (Board) failed to adequately address why a letter submitted by Ms. Yarbough did not constitute the equivalent of a request for additional time to submit a timely substantive appeal. In light of that conclusion, the Veterans Court remanded the case to the Board for further adjudication. On November 8, 2012, the Veterans Court entered judgment in the case. According to the docket of the Veterans Court, the court received her notice of appeal on February 13, 2013, 97 days after the date of the underlying judgment.[*]

To be timely, a notice of appeal must be filed with the Veterans Court within 60 days of the entry of judgment. *See* 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1). The statutory deadline for taking an appeal to this court is jurisdictional and thus mandatory. *Bowles v. Russell*, 551 U.S. 205 (2007); *Henderson v. Shinseki*, 131 S. Ct. 1197, 1204-05 (2011) (the language of Section 7292(a) "clearly signals an intent" to impose the same jurisdictional restrictions on an appeal from the Veterans Court to the Federal Circuit as imposed on appeals from a district court to a court of appeals). Because Ms. Yarbough's appeal as to the underlying judgment was filed

---

[*] On December 26, 2012, the Veterans Court issued a post-judgment order denying what it construed as a motion for leave to file, out of time, a motion for full court review. Although Ms. Yarbough's notice of appeal was filed within 60 days from the date of that decision, she does not seek review of that order in her notice of appeal and does not take issue with that order in her brief. *See Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1240 n. 16 (Fed. Cir. 2008) ("[A]n issue not raised by an appellant in its opening brief . . . is waived.").

ROYRITA YARBOUGH v. SHINSEKI                                    3

outside of the statutory deadline for taking an appeal to this court, we must dismiss.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The appeal is dismissed as untimely.

(2) Each side shall bear its own costs.

(3) All pending motions are moot.


                                        FOR THE COURT

                                        /s/ Daniel E. O'Toole
                                        Daniel E. O'Toole
                                        Clerk

s26

ISSUED AS A MANDATE: July 18, 2013